[Cite as *State v. Thomas*, 2014-Ohio-2410.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100749**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER THOMAS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-535943-A

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEY FOR APPELLANT**

Albert L. Purola
38298 Ridge Road
Willoughby, OH   44094


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: T. Allan Regas
Assistant Prosecuting Attorney
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant Christopher Thomas appeals from the resentencing mandated by this court's decision in *State v. Thomas*, 197 Ohio App.3d 176, 2011-Ohio-6073, 966 N.E.2d 939 (8th Dist.) ("*Thomas I*"), reversing Thomas's sentence based on the failure to merge allied offenses of similar import. For the following reasons, we affirm.

{¶2} The facts are undisputed.

Thomas's convictions in [the underlying] case result[ed] from his inappropriate relationships with two of his students while he was employed as a teacher at a middle school. The two victims were females, aged fourteen and thirteen. Thomas had a sexual encounter with the younger girl. He also sent sexually-explicit electronic messages to the girls, and convinced the girls to take sexually-explicit photographs of themselves and to send those photographs to his cell phone; he then transferred the images to his computer.

*Id.* at ¶ 5.

{¶3} In the current appeal, Thomas claims that his appellate counsel was ineffective in *Thomas I* and that there are insufficient facts to support his conviction entered upon a no-contest plea. We find no merit to either argument. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.*" State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Thomas's claims could have been raised in *Thomas I* and any post-dispositive process available through his direct appeal,

such as an application to reopen the appeal pursuant to App.R. 26(B). Thomas's claims are overruled.

**{¶4}** Finding no merit to Thomas's two assigned errors, we affirm the decision of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were no reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MELODY J. STEWART, J., CONCUR